IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyleek Rayquaun Johnson, | ) | C/A No.: 7:25-3380-JDA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Spartanburg County Sheriff's Department; | ) | |
| Kenneth Hammet; Inv. Mironenko; Mr. | ) | |
| Norris; and Amy W. Cox, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Tyleek Rayquaun Johnson ("Plaintiff") is an inmate incarcerated in the Spartanburg County Detention Center. He filed this action against the Spartanburg County Sheriff's Department ("SCSD") and SCSD Investigators Kenneth Hammet and Mironenko and Sergeant Mr. Norris and Spartanburg County Clerk of Court Amy W. Cox ("Cox"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Complaint without prejudice and without issuance and service of process.

I.     Factual Background

Plaintiff states he was arrested in March 2021 on two counts of murder, first degree burglary, armed robbery, two counts of possession of a weapon during a violent crime, and possession of a stolen weapon. ECF No. 1-1 at 2, 7. Plaintiff claims in April 2021 he was transported to the Spartanburg County Sheriff's Office where he thought he was going to a preliminary hearing, but instead he was there for an investigation interview. *Id.* at 6. Plaintiff

claims his interview was altered and additions were made to make it seem like Plaintiff was putting himself at the crime scene. *Id.* Plaintiff alleges the interview has false information to make him look guilty. *Id*. Plaintiff states he was denied his motion of discovery until November 2021. *Id.* Plaintiff states he was not given all of his discovery, and when he did receive his discovery, he noted the things in the interview did not verbally come from him. *Id*. Plaintiff says the investigators claim they forgot to turn on the audio for the interview, so it is his word against theirs about what was said. *Id.*

Plaintiff claims on February 16, Sergeant Norris and Investigator Hammet traveled to an address in Greenville County. ECF No. 1-1 at 7. Plaintiff states there was an allegation Plaintiff had a South Carolina identification in a vehicle where a black rifle wrapped in a shirt was retrieved. *Id*. Plaintiff alleges this evidence gave Spartanburg County Sheriff's Office probable cause to issue an arrest warrant for Plaintiff. *Id*.  Plaintiff claims the search warrant was not given to him in his discovery. *Id*. Plaintiff alleges the search warrant said the rifle was retrieved from inside a residence. *Id*. Plaintiff says he tried to file a motion to suppress the search warrant and was denied by Cox. *Id*.  Plaintiff claims he was told he should present his motion pre-trial. *Id*.  Plaintiff also claims Cox denied his motion for a speedy trial and his motion for bond. *Id*. Plaintiff seeks injunctive relief. ECF No. 1 at 6.

II.    Discussion

A.    Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief

may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1. SCSD and Kenneth Hammet, Mironenko, and Mr. Norris

Plaintiff seeks to suppress his March 2021 investigation interview with the SCSD and the SCSD's February search warrant. ECF No. 1. Plaintiff also seeks bond noting his co-defendant received bond in 2023. *Id.* The *Younger* doctrine, however, requires this Court to abstain from interfering with Plaintiff's pending state prosecution. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v.*

3

*Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Applying these factors to this case, the undersigned finds abstention is appropriate. First, Plaintiff is involved in an ongoing state criminal proceeding. If this court were to make factual findings that Defendants acted improperly in relation to Plaintiff's criminal prosecution, the court would be improperly interfering with a pending criminal state court proceeding. Second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff has the opportunity to challenge the search warrant, the admission of his investigation interview, and his denial of bond during the disposition of his criminal charges. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's requests for injunctive relief.

### 2. Spartanburg County Clerk of Court Amy W. Cox

Clerks of Court are generally entitled to quasi-judicial immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 334–35 (1983) (noting that quasi-judicial immunity is accorded to individuals who play an integral part in the judicial process). This immunity extends to claims involving "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Ross*

4

*v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (finding a clerk of court is generally entitled to quasi-judicial immunity).

Although Plaintiff alleges Cox denied his motions, it appears, based on the documentation filed by Plaintiff, that Cox declined to file Plaintiff's pro se motions and instead directed Plaintiff to send the motions to his public defender for filing. Because the handling of motions filed by pro se parties are duties integral to the judicial process, Cox is entitled to immunity on Plaintiff's claims. *See*, *e.g.*, *Martin v. Rush*, 2013 WL 2285948 at *5 (D.S.C. 2013) (applying quasi-judicial immunity to clerk who allegedly failed to provide a requested hearing transcript); *Wiley v. Buncombe County*, 846 F. Supp. 2d 480, 485 (W.D.N.C. 2012) (applying quasi-judicial immunity to clerk who allegedly failed to deliver judge's writ of habeas corpus to the proper parties). The undersigned recommends Plaintiff's claims against Cox be dismissed.

### 3. Amendment Would Be Futile

Here, Plaintiff cannot cure the deficiencies of his Complaint through amendment because the *Younger* abstention bars his claims for injunctive relief, and Plaintiff's claims concerning the handling of his motions is barred by quasi-judicial immunity. Accordingly, any amendment would be futile.

## III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the Complaint without issuance and service of process.

IT IS SO RECOMMENDED.

May 2, 2025
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).